IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF G & H TOWING COMPANY AND | § | C.A. NO. 3:19-cv-00145 |
| BAY-HOUSTON TOWING COMPANY, | § | |
| AS OWNERS OF THE T/V PHILIP K | § | (ADMIRALTY) |

## <u>VERIFIED COMPLAINT FOR EXONERATION FROM</u><br><u>OR LIMITATION OF LIABILITY</u>

COME NOW G & H Towing Company and Bay-Houston Towing Company, as owners of the *T/V Philip K* (hereinafter sometimes jointly referred to as "Petitioners"), to file this, their Verified Complaint for Exoneration From or Limitation of Liability, and respectfully show the following:

### I.

1.     This case is within the admiralty and maritime jurisdiction of this Court pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

### II.

2.     At the time of the incident which forms the basis of this suit:

a.     G & H Towing Company was a business entity organized and existing under the laws of Texas with its registered office located in Galveston, Texas; and,

b.     Bay-Houston Towing Company was a business entity organized and existing under the laws of Texas with its registered office located in Houston, Texas.  G & H Towing Company and Bay-Houston Towing Company were co-owners of the *T/V Philip K* at the time of the incident which forms the basis of this suit.

## III.

3.      The *T/V Philip K* is a twin screw harbor tugboat built in 1976.  The *T/V Philip K* is 87.5 feet in length, with a beam of 32.1 feet bearing Official Number 578557.

4.      As shown in the Declaration of Value, attached hereto as Exhibit A and incorporated herein by reference for all purposes, the *T/V Philip K* and all its appurtenances, excluding pending freight, is valued at $600,000.00 (SIX HUNDRED THOUSAND AND NO/100s DOLLARS).

5.      As shown in the Declaration of Pending Freight, attached hereto as Exhibit B and incorporated herein by reference for all purposes, the *T/V Philip K* had no pending freight at the time of the incident.

## IV.

6.      On or about October 27, 2018, Elias Ronstadt reported that he had injured his knee the day before while working on the aft deck of the *T/V Philip K* which was then on navigable waters on the Houston Ship Channel.  Specifically, Mr. Ronstadt reported that in the course of preparing tires to use as fenders, he moved one of the tires from a stack of tires. Another tire on the stack reportedly "slid and landed on [Mr. Ronstadt's] left knee."  When Mr. Ronstadt reported the incident the day after, he was sent ashore for medical evaluation.

7.      According to Mr. Ronstadt the alleged incident occurred at approximately 1700 hours.  Based on the foregoing, the alleged incident occurred while the *T/V Philip K* was at Dock No. 30 on the Houston Ship Channel, after having completed a harbor assist job ending at 1341 hours on October 26, 2018, and before beginning its next harbor assist job which began at 1816 hours that same day.

## V.

8.      On January 25, 2019, Mr. Ronstadt filed suit against G & H Towing Company and

Bay-Houston Towing Company in the 295th Judicial District Court of Harris County, Texas, seeking "monetary relief of over $500,000".

9.    Pursuant to Rule F(1) of the Supplemental Rules for Admiralty and Maritime Claims, an action for limitation must be filed within six (6) months of Petitioners' first written notice of any claim.  In this case, this action is being filed within six months of the alleged incident and, accordingly, is timely filed.

10.    Mr. Ronstadt's suit was filed in Harris County, Texas.  Because Harris County is within the Southern District of Texas, venue is proper in the Galveston Division of the Southern District of Texas pursuant to Rule F(9) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

## VI.

11.    The incident described above and any damages claimed as a result thereof were in no way caused or contributed to by any fault, neglect or want of due care on the part of Petitioners.

12.    At the time of the incident which forms the basis of this suit, Petitioners used due diligence to make and maintain the *T/V Philip K* in all respects seaworthy, and the *T/V Philip K* was, in fact, at all times material hereto, tight, staunch, strong, and fully and properly equipped and supplied, and in all other respects seaworthy and fit for the service in which it was engaged.

13.    The incident described above and any damages claimed as a result thereof occurred without the fault, privity or knowledge of Petitioners.

14.    To the best of Petitioners' knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the *T/V Philip K* and the vessel has not been and is not presently under seizure as a result of any claims or demands.

15.    Petitioners desire to contest their liability and the liability of the *T/V Philip K* for

any claims made and/or that may be made against them as they have valid defenses in fact and in law thereto. Petitioners further claim the benefits of the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq*. and Rule F of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of the Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

## VII.

16.    Contemporaneous with this filing, Petitioners file their *Ad Interim* Stipulation for an amount equal to the value of Petitioners' interest in the *T/V Philip K* and its pending freight plus interest thereon at the rate set forth in Rule F. The *Ad Interim* Stipulation is to stand in the place of a stipulation for value if the amount thereof is not contested by any claimant herein.

## VIII.

17.    All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, G & H Towing Company and Bay-Houston Towing Company, as owners of the *T/V Philip K*, pray that:

1.    upon the filing of the *Ad Interim* Stipulation in the amount of $600,000.00 (SIX HUNDRED THOUSAND AND NO/100s DOLLARS), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which G & H Towing Company and Bay-Houston Towing Company ("Petitioners") seek limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

2.    the Court, upon filing of the *Ad Interim* Stipulation, issue an injunction restraining the filing, commencement, and further prosecution in any court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioners and/or the *T/V Philip K* and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*;

3.    if any claimant, who shall file its claim under oath, files an exception controverting the value of the *T/V Philip K* in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the *T/V Philip K* and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioners' interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with the Court, that this Honorable Court enter an Order for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

4.    the Court adjudge that Petitioners are not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioners from liability therefor;

5.    in the alternative, if this Court should adjudge that Petitioners are liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amounts of interests of Petitioners in the *T/V Philip K* and its pending freight, if any; that the monies paid or ordered to be paid may be divided pro rata among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioners from all other liabilities; and,

6.    that Petitioners have such other and further relief as they may be entitled at law, in equity or in admiralty, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

EASTHAM, WATSON, DALE AND FORNEY, L.L.P.


*/s/ Robert L. Klawetter*
Robert L. Klawetter
Federal I.D. 2471
State Bar No. 11554700
klawetter@easthamlaw.com
Christina K. Schovajsa
Federal I.D. 25142
State Bar No. 24002910
schovajsa@easthamlaw.com
The Niels Esperson Building
808 Travis Street, Suite 1300
Houston, TX  77002
Telephone: (713) 225-0905
Facsimile:  (713) 225-2907

*Attorneys for Petitioners*
*G & H Towing Company and*
*Bay-Houston Towing Company*

## **VERIFICATION**

STATE OF TEXAS      §
                       §      KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF HARRIS   §

BEFORE ME, the undersigned authority, on this day did personally appear Robert L. Klawetter, known to me to be the person executing this affidavit and upon having been duly sworn upon his oath did depose and state as follows:

1.  My name is Robert L. Klawetter.  I am over 18 years of age, of sound mind and have never been convicted of a felony or crime involving moral turpitude.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.  I am the lead counsel for G & H Towing Company and Bay-Houston Towing Company in the action to be filed in the Southern District of Texas, Galveston Division, styled *In the Matter of the Complaint of G & H Towing Company and Bay-Houston Towing Company, as owners of the T/V Philip K.*

3.  I have read the Complaint for Exoneration from or Limitation of Liability with which this Verification is filed, and certify that the facts contained therein are true and correct based upon my personal knowledge and/or best information and belief.  The sources of my information and the grounds for my belief as to all matters stated herein are documents of and communications with said corporations and/or their employees.

Further Affiant sayeth not.

By: _____
                Robert L. Klawetter

GIVEN UNDER my hand and official seal of office this 24th day of April 2019.

_____
Notary Public in and for The State of Texas
My Commission Expires: 9/8/2021

LYNDSAY LEANNE CASTILLO
Notary Public, State of Texas
Comm. Expires 09-08-2021
Notary ID 131273726

23,352♦9PLLC4170